Proceeding by Arrenton, as plaintiff in error, to reverse a judgment which Jordan had recovered against him in Perquimans County Court. Jordan had sued one Townsend Elliot in debt for $375, and Arrenton became bail for Elliot's appearance, etc.
After judgment against Elliot in the county court, at August (99) Term, 1822, a ca. sa. issued against Elliot, which was returned, "Not to be found," whereupon sci. fa. issued against the plaintiff in error as bail of Elliot. On the return of the writ, Arrenton appeared and pleaded, and at August Term, 1823, a judgment was rendered against the plaintiff in error as bail, whereupon execution issued. On 31 October, 1823, Arrenton gave the defendants in error notice of an intended motion at November Term, 1823, for a writ of error in the case; and at that term the writ was allowed, plaintiff having assigned for error that the county court found an issue of fact, towit, that the bail bond was good; that the jury found an issue of law, towit, that the judgment against Elliot, the principal, was not void; that the bail bond was taken for more than double the amount stated in the writ, and, therefore, void under the Constitution; that there was but one security to the bail bond, and, therefore, though debt at common law would lie, yet a scire facias under the statute would not; that the sci. fa. issued for the amount of the judgment against Elliot, when it should have issued for the amount of the penalty of the bail bond; that the sci. fa. does not aver a writ of ca. sa. ever issued to the proper county against Townsend Elliot, the principal, nor does it show that said writ was returned "Not to be found"; that the sci. fa. does not aver the judgment against Elliot, the principal, to be unpaid, unreversed, or uncanceled; that it does not appear to whom the said Arrenton bound himself as bail for Elliot; that it does not appear from the sci. fa. that the bail bond was assigned by the sheriff to the plaintiff pursuant to the statute. *Page 44 
The defendant in error pleaded, in the Superior Court, "in nullo esterratum," and Paxton, J., held that there was error, and reversed the judgment of the county court; whereupon the defendant in error appealed.
It is necessary to notice but three of the errors assigned in this case, the others being such as are either cured by the statute of jeofails or might have been availed of in an earlier stage of the proceeding. The sheriff having taken but one bail, was at his own risk; and if that one was insufficient, the sheriff might have been rendered liable upon exception taken thereto by the creditor in due time. The sheriff may, if he pleases, insist upon a bail bond with two sufficient securities, but he is not bound to do so; and this rule is equally applicable to a scire facias and an action of debt.
The assignment of a bail bond, by the sheriff to the plaintiff, is not necessary, when the suit is brought in the county court. The provision of the act of 1777, ch. 17, is confined to the Superior Courts, and no similar one extends to the county courts.
This scire facias is informal; but it is no necessary part of a scirefacias against bail to state the issuing and return of a ca. sa. against the principal. The want of a ca. sa. would be a defense for the bail, on the sci. fa. (Lutw., 1285), and if one had not issued before the scirefacias, it might be assigned for error. Cro. Car., 481. But in this case it is stated that a ca. sa. issued from the sessions where the judgment was recovered, and returned to the ensuing sessions "Not found." There is, therefore, no sufficient reason to reverse the judgment.